# DONOHO & SONS, INC., Appellant,

v.

# AETNA INSURANCE COMPANY, Appellee.

No. 16269.

Court of Civil Appeals of Texas, San Antonio.

Feb. 13, 1980.

Daniel Y. Kruger, Richard J. Karam, San Antonio, for appellant.

Emilio M. Garza, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a suit by Donoho & Sons, Inc., appellant here and plaintiff below, hereinafter called Donoho, against Aetna Insurance Company, appellee here and defendant below, hereinafter called Aetna, on a policy of insurance issued by Aetna to Floyd Bienek, dba Bienek Construction Co., as insured,[1] to recover losses occasioned by theft from a house in the process of construction. The trial court, after a non-jury trial, entered judgment that Donoho take nothing from Aetna. The trial court filed findings of fact and conclusions of law. In its findings of fact the court found that (1) the loss herein was occasioned by theft of property from a building in the process of construction, (2) during the period that the insurance policy here involved was in force the State Board of Insurance did not prescribe for general use more liberal forms, endorsements, rules, or regulations by which this insurance policy could be extended or broadened, without additional premium charge, by endorsement or substitution of forms. In its conclusions of law, the court concluded: (1) the insurance contract herein affords no coverage for the loss incurred, and (2) plaintiff is not entitled to recover attorney's fees and costs of court.

By five points of error, Donoho complains that (a) the evidence is legally or factually insufficient to support the trial court's findings of fact and conclusions of law, (b) the trial court erred in failing to file certain conclusions of law requested by Donoho, and (c) if Donoho is entitled to recover damages under the policy of insurance then the trial court erred in failing to award attorney's fees, damages and costs. The thrust of Donoho's contentions are that the trial court erred in holding that the subject insurance contract afforded no coverage for theft and in failing to find that under a liberal construction the theft exclusion provision of the contract was not effective to prevent recovery for the losses here sued on.

Donoho and Aetna made certain stipulations which are summarized as follows: (1)Exhibit No. 1 was a true and correct copy of the insurance involved; (2) proper proof of loss was timely submitted and that the loss stated therein of $3,176.91 was the reasonable cost to replace the property that was stolen; (3) the loss occurred between May 5, 1975, and May 30, 1975, and at such time the insured property was under construction; (4) the cause of the loss was burglary or theft; (5) Donoho was the own-

---

1. The named insured, Bienek, subsequently assigned his interest under said policy to Donoho.

er of the property; (6) timely demand for payment was made.

The policy involved is described as a "Texas Standard Policy" covering the period of time from January 20, 1975, to July 20, 1975. The policy insures Donoho against certain loss resulting from the perils therein listed which have a premium inserted opposite thereto (Column 6) on the property described therein. The perils listed are fire and lightning; extended coverage—windstorm, hurricane, hail, explosion, riot, civil commotion, smoke, aircraft and land vehicles; explosion; physical loss—Form 148 attached; rents or rental value; each item has a premium listed thereafter except explosion and rents or rental value. On the same page under description of property is a notation, "See Form 18, attached." There is also a premium listed thereafter. Attached and made a part of such policy are the following forms: Form 18; Form 200; Form 31; Form 60; Form 135; Form 12; and Form 148.

Form 18 is entitled "Builder's Risk Form" with the property described as a "one story approved roof, rock veneer building while in course of construction located at 1714 Poppy Peak Street, San Antonio." The form shows the premium applicable to such form. Forms 200, 31, 60, 131 and 12 are not pertinent here. Form 148, "Physical Loss Form" is listed on the front page under "covered perils" with a premium listed therefor. Form 148 contains five sections and describes the coverage, contains definitions of terms, and other matters. Section II is the exclusionary provision of Form 148, and states that "This policy does not insure against" certain losses therein listed. The only one we are here concerned with is Paragraph F, which reads as follows:

Loss by theft of any property: (1) which at the time of loss is not an integral part of any dwelling, private garage, servants' house, and if used solely in connection with the occupancy thereof, structures and other outbuildings on the premises of the dwelling(s); (2) from a building in process of construction; this Exclusion, however, shall not apply to loss by fire, smoke, explosion, water damage, or glass breakage;

The only other reference to theft coverage in this endorsement is found in Section V entitled, "Other Provisions." Subsection B reads as follows: "Theft: The policy Condition excluding loss by theft is hereby waived, except as provided in Section II, Paragraph F of this form." Section II, Paragraph F of such form is hereinbefore set forth and is the theft exclusion provision of such policy.

Paragraph H of Section V is the "Liberalization Clause" which reads as follows:

Liberalization clause: If during the period that insurance is in force under this policy, or within forty-five (45) days prior to the inception date thereof the State Board of Insurance prescribes for general use more liberal forms, endorsements, rules or regulations by which this insurance could be extended or broadened, without additional premium charge, by endorsement or substitution of forms, then such extended or broadened insurance shall be to the benefit of the Insured hereunder as though such endorsement or substitution of form had been made.

The testimony as to the applicable rates in Forms 18, 21 and 223 [2] is somewhat indefinite. There is testimony that on January 11, 1978, when the insurance here involved was purchased, both Forms 18 and 223 were available as optional endorsements; that neither were required at that time; and that the insurance purchaser could take his choice of such endorsements dependent on his needs and the cost involved. There is further testimony that after about the middle of March, 1978, Form 148 was no longer available for insurance policies and that Form 223 only could be used and that some changes in deductible were made in connection with this form. There is some testimony about Form 21,

---

**2.** Form 18 is included as a part of the policy; Form 21 and Form 223 are not a part of our policy.

although our policy does not contain such form. The gist of such testimony as to all of such forms is that premiums are computed on the basis of perils insured against, amount of coverage, deductible, etc. It would seem only logical that on an endorsement that provides for theft coverage the premiums would be higher than on one that eliminates such coverage, all other things being equal.

Donoho asserts that the Form 223 provides for more liberal coverage than Form 18. This comparison is somewhat difficult under the record we have before us. The only witness to testify as to this matter, an actuary with the State Board of Insurance, when asked if Form 223 would be a more liberal type of coverage than Form 148, stated that it could be in some instances and could be more restrictive in other instances; that there are different types of forms. For example Form 148 which is a part of the policy before us has no deductible clause. The Form 148 which is a part of the policy before us applies only to dwellings designed for occupancy by not more than two families. The only Form 223 contained in the records before us, which may or may not be here applicable, states that all classes of buildings or structures under construction are eligible, except certain listed exceptions, such as grain elevators, mining properties, mineral properties, amusement parks, certain nuclear types of buildings and other structures of this nature. Such form contains a deductible clause provision with deductibles which seem to range from $200 to $500. It is somewhat like comparing apples with oranges. The provisions vary in many respects. Certainly, a deductible clause provision in an endorsement should lower the amount of premiums.

Donoho relies heavily on the case of *Republic Insurance Company v. Hope*, 557 S.W.2d 603 (Tex.Civ.App.—Waco 1977, no writ) and argues that it is directly in point and is controlling. We disagree. There are at least two important differences in that case and the case before us. In *Republic*, the insurance company did not affirmatively plead the theft exclusion provision contained in Form 148 and the court points this out holding that Republic by failing to do so waived the theft exclusion relied on by it. Second, the policy in *Republic* contained a Form 21 and a Form 148. It did not have a Form 18 which we have in our policy, nor do we have a Form 21. According to the opinion, Form 21 is entitled "Builder's Risk—Actual Completed Value Form." Our Form 18 is entitled "Builder's Risk Form." It is obvious from reading the opinion that Form 21 that is part of the policy therein involved contains various provisions that we do not have in the Form 18, and that such endorsements vary in many respects.

We have no disagreement with the Waco Court's holding that where several instruments form one overall contract the court will assume in it construction of the contract that the parties intended the terms of the various instruments should be effective to accomplish their purpose and will reconcile apparently conflicting provisions and give effect to all of them, if possible.

Like the Waco Court, we can only construe what is before us. What is before us and what was before the Waco Court differ in a number of respects. Moreover, the theft exclusion provision was not affirmatively plead in the Waco case as it was in the case before us.

Under the record before us, we have concluded that the trial court correctly held that the insurance contract herein affords no coverage for the loss incurred.

In view of our holding herein, we need not consider Donoho's point of error that if Donoho is entitled to recover damages from the policy of insurance then the trial court erred in failing to award him attorney's fees and costs of suit.

All of Donoho's points of error have been considered and all are overruled. The judgment of the trial court is affirmed.